**Dorothy Ann SAUNDERS, Appellant,**

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Appellee.**

Civ. A. No. 93–67–L.

United States District Court, W.D. Virginia, Lynchburg Division.

March 10, 1994.

Robert Mitchell Garbee, Wilson, Garbee & Rosenberger, Lynchburg, VA, for appellant.

William K. Rounsborg, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, DC, for appellee.

## MEMORANDUM OPINION

TURK, District Judge.

This case is before the court on appeal from an order entered by The Honorable William E. Anderson, Chief United States Bankruptcy Judge, overruling appellant's objection to the amended claim filed by the Internal Revenue Service. Upon careful consideration of the record, the applicable law, and the briefs submitted by counsel, the court finds that the Bankruptcy Judge's ruling must be affirmed.

### I. Background

The appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 30, 1990. The Bankruptcy Court subsequently converted the Chapter 13 proceeding to a Chapter 11 proceeding. The Internal Revenue Service (IRS) filed a claim for $15,659.31 and later filed an amended claim for $58,036.19. The principal basis for the amended claim was the disallowance of a $33,745.00 deduction for casualty losses [1] taken by the appellant on her 1987 federal tax return. The appellant filed her objection to the claim alleging that the IRS had wrongfully disallowed the deduction.

The issue before the Bankruptcy Court was whether the appellant bought and held the jewelry as a business investment or for personal use. This distinction is important because 26 C.F.R. § 1.165–7(b)(1) allows a deduction for casualty losses to business property equal to the *greater* of the adjusted basis (cost) or the fair market value of the property.[2] However, the deduction for casualty losses to personal property is equal to the *lesser* of the adjusted basis or the fair market value of the property. Therefore, under certain circumstances, the deduction for casualty losses of business property will be greater than the allowable deduction for

---

1. The items stolen were pieces of fine jewelry owned by the appellant.

2. The deductible amount is reduced by any insurance proceeds received by the taxpayer.

similar personal property. The appellant contended that the jewelry was business property and that she suffered losses not compensated by insurance. The IRS claimed the jewelry was personal property and that the appellant received insurance proceeds in excess of the lesser of the stolen item's cost or fair market value. As such, the IRS claimed that the appellant was not entitled to a casualty loss deduction and owed taxes on the excess insurance proceeds.

The Bankruptcy Court held an evidentiary hearing on October 30, 1992 and March 12, 1993. On July 20, 1993, the Bankruptcy Court entered an order and memorandum opinion finding that the appellant failed to satisfy her burden of proving that the jewelry was business property under 26 C.F.R. § 1.165–7(b)(1) and that she was not entitled to the casualty loss deduction.

## II. *Analysis*

Jurisdiction of the court is proper under 28 U.S.C. § 158(a), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees ... of bankruptcy judges."

This court has held that "[w]hen considering an appeal from the bankruptcy court, the District Court is constrained to accept the lower court's findings of fact unless they are clearly erroneous. The district court must, however, make an independent determination of the law." *Dobbins v. Frank Meador Buick, Inc. (In re Frank Meador Buick)*, 65 B.R. 200, 202 (Bankr.W.D.Va. 1986). The court has reviewed the record on appeal and finds that sufficient evidence exists to support the Bankruptcy Judge's findings of fact. Therefore, the court finds that the Bankruptcy Court was not clearly erroneous in overruling appellant's objection to the amended claim filed by the IRS.

## III. *Conclusion*

For the foregoing reasons, the court AFFIRMS the Bankruptcy Judge's order overruling appellant's objection to the amended claim filed by the IRS. An appropriate order consistent with this memorandum opinion shall be entered this day.